UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACQUELINE H.,

         Plaintiff,

  - v -              Civ. No. 3:17-CV-1313
                     (DJS)
NANCY A. BERRYHILL, *Acting Comm'r of Soc. Sec.*,

         Defendant.
_____

**APPEARANCES:**            OF COUNSEL:

LACHMAN, GORTON LAW FIRM    PETER A. GORTON, ESQ.
Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761

U.S. SOCIAL SECURITY ADMIN.    LAUREN E. MYERS, ESQ.
OFFICE OF REG'L GENERAL COUNSEL
 - REGION II
Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER[1]

  Currently before the Court, in this Social Security action filed by Jacqueline H. against the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

1383(c)(3), are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 12. Plaintiff has submitted a reply brief. Dkt. No. 15. For the reasons set forth below, Plaintiff's Motion is **granted**, and Defendant's Motion for Judgment on the Pleadings is **denied**, and the matter is **remanded** for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on January 26, 1968. Dkt. No. 8, Admin. Tr. ("Tr."), p. 280. Plaintiff reported completing one year of college. Tr. at p. 285. She has past work experience as an assistant manager, a nursing assistant, a therapy aid and teacher's aid, and in child care. *Id.* Plaintiff alleges disability due to lower back injury, spinal stenosis, bulging discs, scoliosis, neck injury, degenerative disc disease, vision problems, attention deficit hyperactivity disorder, anxiety disorder, and panic disorder. Tr. at p. 284.

### B. Procedural History

Plaintiff filed for benefits in 2012, alleging disability beginning January 10, 2010. Tr. at pp. 254-255. Plaintiff was denied benefits, and after holding a hearing, on September 26, 2014, ALJ Robert L. Bartelt, Jr. found Plaintiff was not disabled. Tr. at pp. 47-66 & 105-168. After the Appeals Council denied Plaintiff's request for review of the determination, she commenced an action in this Court. Tr. at pp. 1093-1099. Defendant consented to remand, and the matter was remanded for further administrative proceedings; the Appeals Council remanded the case to ALJ Elizabeth W. Koennecke.

Tr. at pp. 1100-1108. Plaintiff requested a supplemental hearing, which was held before the ALJ on July 24, 2017. Tr. at pp. 1057-1072. Plaintiff submitted additional evidence for consideration. Tr. at p. 1021. On September 21, 2017, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. Tr. at pp. 1017-1056. Plaintiff did not appeal the ALJ's decision to the Appeals Council and the ALJ's determination became the final decision of the Commissioner on the sixty-first day after the date of the determination. *See* Tr. at p. 1018; 20 C.F.R. §§ 404.984 & 416.1484. Plaintiff then commenced this action appealing the determination on December 1, 2017. Dkt. No. 1.

## C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2014. Tr. at p. 1024. The ALJ next found Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 10, 2010 through her date last insured of December 31, 2014. *Id.* The ALJ found that through the date last insured, Plaintiff had the following severe impairments: a back and neck impairment and mental impairment. *Id.* The ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. at p. 1027. The ALJ next determined that through the date last insured Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> Specifically, the claimant could lift and carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk for 6 hours total in an 8-hour workday, with standing limited to 20 minutes at one time; sitting most of the time, but no sitting greater than 1 hour at a time; no limit pushing and pulling with arm or leg controls; inability to bend or turn greater than 1-3 times per hour; and required little to no changes in job duties from day-to-day.

Tr. at p. 1029. Next, the ALJ determined that through the date last insured, Plaintiff was unable to perform any past relevant work. Tr. at p. 1046. The ALJ found that Plaintiff was born on January 26, 1968 and was a younger individual age 18-49 from the alleged onset date of disability through the date last insured, has at least a high school education with at least one year of college and is able to communicate in English. Tr. at p. 1047. The ALJ found that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant was "not disabled" prior to the date last insured, whether or not the claimant had transferable job skills. *Id.* The ALJ then determined that, through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in numbers in the national economy that Plaintiff could perform, and that Plaintiff was not under a disability at any time from the alleged onset date through the date last insured. Tr. at pp. 1047-1049.

### D. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff contends that the ALJ improperly substituted her lay opinion for the undisputed medical opinion of record and formed the RFC without a supporting medical opinion. Dkt. No. 9, Pl.'s Mem. of Law, p. 13. In particular, she claims that the ALJ violated the treating physician rule by failing to give Plaintiff's treating physicians'

4

opinion that Plaintiff could not meet the exertional demands of sedentary work on a regular and continuing basis controlling weight when it was well supported by clinical evidence and not contradicted by other opinions. *Id.* at pp. 13-17. Plaintiff contends the ALJ's rejection of the opinions is based on her own lay interpretation of bare medical findings, which constitutes legal error. *Id.* at pp. 17-24.

Plaintiff also contends that the ALJ's Step Five determination is not supported by substantial evidence because the hypothetical the ALJ gave to the VE utilized the ALJ's RFC, and therefore did not incorporate the full extent of Plaintiff's impairments. *Id.* at p. 24.

In response, Defendant contends that the ALJ appropriately considered the medical opinions, considering their consistency with the evidence of record, and contends that the ALJ sufficiently explained her rationale for her determinations, citing to evidence that supports the ALJ's determination. Dkt. No. 12, Def.'s Mem. of Law, pp. 5-11. Defendant contends the ALJ weighed the medical opinions and considered the evidence of record as a whole, including Plaintiff's medical records, physician statements, and Plaintiff's description of her limitations, in accordance with the regulations. *Id.* at pp. 11-12. Finally, Defendant contends that, because the ALJ's RFC was supported by substantial evidence, she properly relied on the vocational expert ("VE") testimony to carry the Commissioner's burden of proof at Step Five. *Id.* at pp. 12-13.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520 & 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines

7

whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff contends that the ALJ committed error by improperly substituting her lay opinion for the medical opinion of record, and forming the RFC without a supporting medical opinion. Pl.'s Mem. of Law, *generally*.

"The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *Bleil v. Colvin*, 2017 WL 1214499, at *8-9 (N.D.N.Y. Mar. 31, 2017); *Provencher v. Comm'r of Soc. Sec.*, 2017 WL 56702, at *5 (N.D.N.Y. Jan. 5, 2017). In other words,

> an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make the connection himself.

*Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. July 20, 2016) (internal quotation marks omitted) (citation omitted). In limited situations where impairments are relatively simple and mild, an ALJ may be able to "render a common sense judgment about

functional capacity even without a physician's assessment"; however, where there is "a relatively high degree of impairment," an ALJ is "unqualified to assess residual functional capacity." *Barnes v. Berryhill*, 2018 WL 1225542, *4 (D. Conn. Mar. 9, 2018); *see also Urban v. Berryhill*, 2017 WL 1289587, at *3 (W.D.N.Y. Apr. 7, 2017).

The ALJ did not accord any weight to any specific RFC analysis made by any of Plaintiff's treating physicians' opinions, aside from that of Dr. Hastings. Tr. at p. 1037 (according "no weight to the medical opinion of the claimant's treating physiatrist, Scott Schinschke, D.O."); Tr. at p. 1038 (according "no weight to the medical opinion and assessment provided by the claimant's treating neurosurgeon, Seth Zeidman, M.D. and physician assistant"). She accorded little weight to various opinions that did not provide specific residual functional capabilities, but dealt with Plaintiff's overall ability to work or her temporary conditions. Tr. at p. 1037 (according little weight to the assessments of Thomas Van Gorder, M.D., Matthew Bennett, M.D., Shannon L. Zinn, FNP, the claimant's primary care provider at Endwell Family Physicians, and Samuel Cooper, D.C., that simply found Plaintiff a certain percentage impaired or provided an opinion that Plaintiff was disabled); Tr. at p. 1036 (according little weight to the decisions rendered by the State of New York Workers' Compensation Board); Tr. at pp. 1036-37 (according little weight to the discharge instructions by Michael Hennessey, M.D. and Bryan Burke, P.A., emergency department staff).

The only opinions that provide specific functional analyses to which the ALJ accorded some weight were those of Dr. Hastings, Plaintiff's treating physician in pain management, and Dr. Paarlberg, an examining orthopedic surgeon. Tr. at pp. 1036 &

9

1038. The ALJ stated that "Dr. Hastings['] medical opinion is entitled to some weight (but not great weight) because he provided some explanation for the need for alternating positions due to pain complaints, but the remaining limitations are not well-supported by the record." Tr. at p. 1038. After noting Dr. Paarlberg's findings, the ALJ found that Paarlberg's conclusion "that the claimant retained considerable physical capacity given the mild disability rating is otherwise well-supported by the record and entitled to some weight." Tr. at p. 1036. The only specific functional limitations that his opinions provided were that Plaintiff could work with no repetitive bending or lifting over 15 pounds. Tr. at p. 517. It is unclear whether these limitations were given weight by the ALJ. *See* Tr. at p. 1036.

To the extent the ALJ did give some weight to these two medical opinions, those opinions do not provide substantial evidence for the RFC determination reached by the ALJ. The ALJ gave weight to Dr. Hastings' opinion regarding the need for Plaintiff to alternate positions due to pain, but the RFC does not account for the frequency of alternating positions that Dr. Hastings opined was necessary. As such, the ALJ did not adopt the only finding in Dr. Hastings' opinion to which the ALJ states she gave weight. Tr. at p. 999 (Dr. Hastings opined that Plaintiff would need to change positions every 30 minutes and sit for only 1-2 hours out of an eight-hour day, and the RFC only limits Plaintiff to sitting "most of the time" for up to one hour at a time). Dr. Paarlberg's opinion does not provide support for the specific findings in the ALJ's RFC, except, perhaps, for limitations on bending. Indeed, Dr. Paarlberg's opinion provides very little information particular to Plaintiff's specific capabilities, and the ALJ in giving his opinion some

10

weight explicitly discounted some of the limitations opined by him. While Paarlberg's statement that Plaintiff could return to work with no repetitive bending or lifting over 15 pounds might support the ALJ's finding that Plaintiff should not do work involving bending more than 1-3 times per hour, it does not support the ALJ's conclusion that Plaintiff could lift up to 20 pounds occasionally.

As such, the ALJ gave no weight to any opinion providing functional limitations that would support the ALJ's specific RFC findings that Plaintiff could lift and carry up to 10 pounds frequently and 20 pounds occasionally, stand and/or walk 6 hours out of an 8-hour day, or that her only sitting limitation was that she could only sit for up to one hour at a time. "Because the ALJ rejected [the physicians'] opinion[s], the record lacks any medical opinion as to [Plaintiff's] physical ability to engage in work." *Defrancesco v. Berryhill*, 2017 WL 4769004, at *4 (W.D.N.Y. Oct. 23, 2017) (finding ALJ lacked any medical opinion on which to rely after giving "little weight" to the only medical opinion in the record); *Provencher v. Comm'r of Soc. Sec.*, 2017 WL 56702, at *5; *Mills v. Astrue*, 2012 WL 6681685, *4 (N.D.N.Y. Dec. 21, 2012). "This leaves no medical opinion regarding [these items] on which the ALJ placed any significant weight. It thus appears that the ALJ improperly relied on her lay opinion in assessing [these] limitations." *Barnes v. Berryhill*, 2018 WL 1225542, at *7 (D. Conn. Mar. 9, 2018). In the Court's view, the ALJ went beyond her authority in making an RFC determination "in the absence of supporting expert opinion," and instead utilizing raw medical records. *See Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010).

"[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (internal quotation marks omitted) (citations omitted). The ALJ improperly bases her conclusion on her interpretation of the clinical findings without relying on any supporting opinion; indeed, she explicitly discounts any opinion that could support these limitations. *See*, *e.g.*, Tr. at pp. 1033-1035 (analyzing implications of MRIs, CT scan, and other lab exam results). "It is inappropriate for an ALJ to reach [her] conclusion as to a plaintiff's RFC through her own interpretation of various MRIs and x-ray reports contained in the treatment records." *Harrison v. Colvin*, 2016 WL 1358377, at *13 (N.D.N.Y. Mar. 15, 2016), *report and recommendation adopted*, 2016 WL 1337344 (N.D.N.Y Apr. 5, 2016) (internal quotation marks omitted) (citation omitted); *Urban v. Berryhill*, 2017 WL 1289587, at *3 ("A significant portion of the ALJ's decision summarizes the physical medical evidence of record, but these treatment notes merely contain bare medical findings and do not address how [Plaintiff]'s impairments affect her physical ability to perform work-related functions."); *see also Balsamo v. Chater*, 142 F.3d at 81; *Griffith v. Astrue*, 2009 WL 909630, at *8 (W.D.N.Y. Mar. 31, 2009) ("Specifically, the ALJ apparently concluded that evidence of nerve root compression is necessary for a diagnosis of low back pain. However, there is no medical opinion in the record supporting that view, and the ALJ was not competent to provide his own opinion").

This is not a case where Plaintiff's impairments are rather mild and straightforward; instead, Plaintiff has a range of different impairments with complex histories. As such, the ALJ was not able to make a common sense determination regarding Plaintiff's resulting impairments. *See Walker v. Astrue*, 2010 WL 2629832, at *7.

Finally, the Court need not decide whether the ALJ properly determined that Plaintiff's treating physicians' opinions are not entitled to controlling weight "because in this case the Commissioner failed to offer and the ALJ did not cite *any* medical opinion to dispute the treating physicians' conclusions." *Balsamo v. Chater*, 142 F.3d at 81; *House v. Astrue*, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013). "Therefore, the ALJ's RFC determination was not supported by substantial evidence because there was no acceptable medical source opinion indicating that Plaintiff could perform the physical requirements of the RFC." *Manson v. Colvin*, 2016 WL 4991608, at *11 (N.D.N.Y. Sept. 19, 2016). As such, the matter is remanded to Defendant to re-assess the RFC.

As to Plaintiff's final argument, that the hypothetical posed to the VE was flawed, the Court notes that it may be necessary for Defendant to re-evaluate the Step Five determination after re-evaluating the RFC.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff benefits is **VACATED** and **REMANDED** pursuant to Sentence Four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Date:   March 18, 2019
          Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge