**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JACQUELINE H.,

                              Plaintiff,

            - v -                                               Civ. No. 3:17-CV-1313
                                                                        (DJS)

ANDREW M. SAUL, *Comm'r of Soc. Sec.*,[1]

                              Defendant.


APPEARANCES:                                        OF COUNSEL:

LACHMAN, GORTON LAW FIRM            PETER A. GORTON, ESQ.
Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY  13761


U.S. SOCIAL SECURITY ADMIN.              LAUREN E. MYERS, ESQ.
OFFICE OF REG'L GENERAL COUNSEL
 - REGION II
Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**


## DECISION AND ORDER

### I.  INTRODUCTION

On June 3, 2020, Peter A. Gorton, counsel to Plaintiff in this action, submitted a

Motion for Attorneys' Fees.  Dkt. No. 21.  Defendant submitted a Response to the Motion,

explaining that the Motion was timely filed, that the award sought appeared reasonable,

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019 and is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

and that there was no evidence of fraud or overreaching by counsel.  Dkt. No. 23. Upon

review of the matter, the Court grants Plaintiff's Motion.

## II.  BACKGROUND

Plaintiff filed a Complaint in this matter on December 1, 2017, seeking review of

the Commissioner's determination denying her application for disability benefits.  Dkt.

No. 1.  The parties filed Motions for Judgment on the Pleadings, and on March 18, 2019,

this Court granted Plaintiff's Motion, remanded the matter for further administrative

proceedings, and entered judgment in favor of Plaintiff.  Dkt. Nos. 16 & 17.  The parties

stipulated as to Plaintiff's first Motion for Attorneys' Fees pursuant to the Equal Access

to Justice Act ("EAJA"), filed in April of 2019, and the Court ordered such attorneys'

fees awarded.  *See* Dkt. Nos. 19 & 20.  At that time, $6,200.00 was awarded and received

by counsel.  *See id.*  Upon review of the matter on remand, the Administrative Law Judge

issued a favorable decision awarding Plaintiff benefits.  Dkt. No. 21-1.  That decision

resulted in an award to Plaintiff of total back due benefits of $93,559.00.  *Id.*  On June 3,

2020, Plaintiff's counsel filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. §

406(b).  Dkt. No. 21.

Plaintiff's counsel seeks attorneys' fees in the amount of $18,389.75, of which he

would remit to Plaintiff the sum of $12,126.18 previously awarded from the EAJA fees.[2]

## III.  DISCUSSION

The Social Security Act provides:

---

[2] As Defendant's Response clarifies, Plaintiff was awarded fees under the EAJA both in this matter, as described above, in the amount of $6,200.00, and was also awarded $5,926.18 in a previous appeal of this claim.  Dkt. No. 23 at p. 3 (citing *Heinemann v. Colvin*, No. 3:16-CV-179, Dkt No. 20).

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  This section "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable."  *Id.* at 370.  In determining whether a fee is reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney."  *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808.  In determining whether an award would constitute a windfall,

> courts in this circuit have identified several relevant considerations, which include: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)).  If the

court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Here, the contingency fee agreement provides in pertinent part that "[i]f the first ALJ decision after the date of this agreement is a denial, and my attorney agrees to appeal and the case is won at a later proceeding, the fee will be 25% of all back benefits awarded in my case without a cap on the fee." Dkt. No. 8 at p. 186. The amount requested does not exceed the 25% cap, and there is no evidence of fraud or overreaching.

Counsel seeks $18,389.75, and he expended 61.7 hours of work on this matter, resulting in a *de facto* hourly rate of $298.05.[3] Dkt. Nos. 21-1 & 21-2. This is well within the range regularly awarded as attorneys' fees in this type of case. *See Tammy K. v. Comm'r of Soc. Sec.*, 2019 WL 1567523, at *3 (N.D.N.Y. Apr. 11, 2019) (awarding attorneys' fees at a *de facto* hourly rate of $292.35); *Insel v. Comm'r of Soc. Sec.*, 2017 WL 6558585, at *1 (N.D.N.Y. Dec. 22, 2017) (finding a *de facto* hourly rate of $416.60 would not be a windfall). As for the effort expended by the attorney, this is not a case in which the matter was simply remanded upon stipulation of the parties; counsel prepared a Motion for Judgment on the Pleadings which was compelling enough that the Court remanded the matter for further consideration. In addition, Plaintiff has been awarded significant benefits as a result of the litigation. Finally, in reviewing counsel's time log, it generally appears to reflect properly recorded and appropriate attorney work. The Court

---

[3] "Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may consider in determining reasonableness." *Whittico v. Colvin*, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014).

Case 3:17-cv-01313-DJS   Document 24   Filed 10/06/20   Page 5 of 6

therefore finds that the amount requested would not constitute a windfall, and will not deny the Motion on that basis.

Finally, the Motion was submitted timely. "Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment[.]" FED. R. CIV. P. 54(d)(2)(B). This rule applies to Section 406(b) attorneys' fee applications following a district court remand of an agency denial of benefits. *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019). Because the Commissioner typically calculates benefits "months after the district court remands," however, the timeframe may be tolled pending the Commissioner's calculation of benefits following remand, and then would begin to run upon the claimant receiving notice of the benefits calculation. *Id.* at 86-91. In this case, the Motion was submitted on June 3, 2020, and the Notice of Award was dated May 24, 2020. Dkt. No. 21-3. The Motion is therefore timely. The Court will grant Plaintiff's Motion.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED**, that Attorney Gorton is awarded the sum of $18,389.75 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Gorton is directed to remit to Plaintiff the sum of $12,126.18 that was previously awarded (and received) as attorneys' fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: October 6, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge